**IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DOWNING LAW OFFICES, P.A.**,

    Plaintiff,

v.                                        **CASE NO.: 5:09 - CV - 233 - RS/EMT**

**MANTRA FILMS, INC.,
MRA HOLDING, LLC,**
and **JOSEPH R. FRANCIS,**

    Defendant.

---

**PLAINTIFF'S MOTION TO REQUIRE DEFENDANTS
PAY THE COSTS OF ARBITRATION**

**COMES NOW**, Plaintiff, **DOWNING LAW OFFICES, P.A.**, pursuant to this Court's Order (Dkt. 12), dated October 21, 2009, directing the parties to Arbitration and requests that Defendant be required to pay the all of costs of Arbitration due to their prior malfeasance and failure to mediator or arbitrate in good faith and states:

1. This Court granted Defendants' requested relief of a stay to send this matter to arbitration, which is to be conducted by the American Arbitration Association ("AAA"). In its Order this Court advised Defendants that certain actions could waive the right to arbitration. Plaintiff submits that Defendants have already acted in such ways because Defendants have failed to pay any of the filing fees or arbitrator/hearing fees, ignored every filing deadline, and generally have failed to arbitrate in good faith, thus causing Plaintiff to have to file this federal lawsuit to seek relief before Defendants "demanded" arbitration.

2. Due to Defendant's prior actions which were inconsistent with a demand for arbitration,

*Downing Law Offices, P.A. vs. Mantra Films, Inc. et al.   /*

    Plaintiff seeks an Order from this Court ordering the Defendants pay for arbitration.

3.    This is within the Court's inherent authority, but it is also anticipated in the parties' agreement as set forth in the Hourly Fee Addendum (Complaint, Dkt. 1, Ex. 3 at ¶ 17.b.), which provides that:

> The fees and expenses of the arbitrator and of the AAA will be **shared equally by the parties throughout the arbitration proceeding.**

(Emphasis added).

4.    As shown by the attached Invoice/Statement, Plaintiff has previously paid $1,800.00 to initiate the arbitration proceedings.  (Exhibit A - current invoice from AAA).

5.    Defendants did not pay one-half of this Initial Arbitration Fee.[1]

6.    Plaintiff complied with the payment schedule and all deadlines under the AAA process.

7.    However, because Defendants would not pay their share of the fees nor return calls from the Undersigned or the arbitration case manager, and had not filed any documents, the arbitrator cancelled mediation.  Thereafter, because Defendants continued to fail to comply with requests for payment, the case manager for AAA terminated this case for non-payment.

8.    Plaintiff currently owes an additional $375.00 on the previous case that was filed, (as shown in Exhibit A), which was cancelled for Defendants' failure to pay.  Also, due to the cancellation, the $1,800.00 Initial Administrative Fee must be paid again as well as all the

---

[1]    Further Defendants failed to abide by the process by failing to:
    a.    Agree to the Selection of an Arbitrator;
    b.    Submit Witness and Exhibit Lists as ordered by the AAA Arbitrator; or
    c.    Pay the Hearing and Neutral Compensation Deposits.

*Downing Law Offices, P.A. vs. Mantra Films, Inc. et al.   /*

    other deposits.

9. Plaintiff requests that Defendant be required to pay for all of the initial administrative costs (**$1,800.00**) and all of the fees and deposits for the arbitrator (**$2,000.00** for Neutral Compensation Deposit for one day of hearing, **$2,000.00** for Neutral Compensation for one day of study, **$350.00** for the arbitrator expense deposit, and **$750.00** of the case service fee) due to their prior failure to comply with the rules and requirements of the AAA.

### Memorandum of Law in Support of Motion

10. Plaintiff requests this due to Defendants' previous failure to participate and pay any portion of the expenses for arbitration, mediation, or for the filing of this lawsuit. Moreover, Defendants failed to acknowledge this lawsuit until a Motion for Default was filed and a deadline was set by this Court. Plaintiff believes that Defendants will not participate meaningfully in arbitration without this financial requirement and incentive.

11. This Court has the inherent authority and ability to require the Defendants to pay this as an incentive to ensure that Defendants fully and fairly participate in the arbitration proceedings...an unlikely event if Defendants have no financial motivation to do so.

12. Otherwise, Plaintiff has not located case law that is directly on point with this issue and therefore relies upon this Court's inherent authority to ensure compliance with this Court's order and the agreement to arbitrate.

<u>Downing Law Offices, P.A. vs. Mantra Films, Inc. et al.   /</u>

**WHEREFORE,** for the reasons set forth hereinabove, Plaintiff seek an Order requiring Defendants jointly and severally to be responsible for payment:

a. To the AAA for the new or re-opened case the following fees: $1,800.00 Initial Administrative Fee; $2,000 for Neutral Compensation Deposit for one day of hearing; $2,000 for Neutral Compensation for one day of study; $350.00 for the arbitrator expense deposit; and $750 of the case service fee, totaling: **$6,900.00** within thirty (30) days from the date of this Court's Order; and

b. To the AAA for the case that was filed for arbitration by the Plaintiff but was cancelled due to Defendants' failure to participate meaningfully or pay their share of the fees, **$375.00**, which is due and owing as shown on Exhibit A, within thirty (30) days of the date of this Court's Order; and

c. Any other relief deemed just and equitable.

*Downing Law Offices, P.A. vs. Mantra Films, Inc. et al.   /*

**Conference Certification**

13. The Undersigned discussed this request with Mr. Bateman for the Defendants, on October 19, 2009, prior to the filing of Defendants' Motion to Stay. The Undersigned requested the relief sought herein from Mr. Bateman. The Court's Order was issued on October 21, 2009 prior to Plaintiff's response to the motion was filed due to a delay caused by awaiting receipt of confirmation from Mr. Bateman regarding this arrangement. The Undersigned followed up with a phone call and letter (with a copy of a draft of this motion) to Mr. Bateman October 27, 2009. The Undersigned followed up with at least three additional phone calls on October 28th and October 29th. Mr. Bateman's office staff called back on October 27th and left a message for the Undersigned. Mr. Bateman may also have tried to call the Undersigned back, but at the time this motion is being filed the Undersigned has not spoken to him and has received no confirmation of Defendants' position on this matter either by fax or e-mail. It is assumed by the lack of response and the length of time since the original request was made that Defendants object to payment of these fees and costs.

Respectfully submitted on this   1st   day of November, 2009.

**DOWNING LAW OFFICES, P.A.**

   /Jean Marie Downing
**JEAN MARIE DOWNING**
Florida Bar No.: 0239290

*Downing Law Offices, P.A. vs. Mantra Films, Inc. et al.   /*

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and accurate copy of this document has been provided via CM/ECF which will provide service upon current counsel for Defendants, FREDERICK L. BATEMAN, Bateman Harden, P.O. Box 1454, Tallahassee, Florida 32302-1454 at fbateman@batemanharden.com, on this 1st day of November, 2009.

                                              **DOWNING LAW OFFICES, P.A.**

                                              /s/ *Jean Marie Downing*
**JEAN MARIE DOWNING**
Florida Bar No.: 0239290
2211 Thomas Drive, Suite 100
Panama City Beach, Florida 32408
Telephone: 850-249-5950
Facsimile: 850-249-5570
E-mail: *federal@pcbeachlaw.com*
Attorney for Plaintiff